## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Civil Action No.** |
| *ex rel.* [UNDER SEAL], | **Hon.** |
| Plaintiff, | **QUI TAM COMPLAINT** |
| v. | |
| [UNDER SEAL], | **FILED UNDER SEAL**<br>**UNDER 31 U.S.C. § 3730(b)(2)** |
| Defendants. | **JURY TRIAL DEMANDED** |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. PAT L. CHRISTOPHER, | Civ. No. _____ |
| Plaintiff-Relator, | Hon. _____ |
| v. | **QUI TAM COMPLAINT** |
| CHRISTOPHER CONSTRUCTION COMPANY, INC., DENNIS CHRISTOPHER, and ROBERT C. CHRISTOPHER, JR., | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |
| Defendants. | **JURY TRIAL DEMANDED** |

On behalf of the United States of America (the "United States" or the "Government"), Plaintiff and Relator Pat L. Christopher ("Relator" or "Pat") files this *qui tam* action against Defendants Christopher Construction Company, Inc. ("Christopher Construction"), Dennis Christopher ("Dennis"), and Robert C. Christopher, Jr. ("Robert") (together, "Defendants"), and alleges as follows:

## **INTRODUCTION**

1.      This is an action to recover treble damages, civil penalties and all other remedies on behalf of the United States of America in connection with the Defendants' materially false and fraudulent application to the Government for a Paycheck Protection Program ("PPP") loan, in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA").

2.      Pursuant to the FCA, Relator seeks to recover, on behalf of the United States of America, damages and civil penalties arising from false or fraudulent claims for payment that Defendants submitted or caused to be submitted to the Federal Government-funded and/or subsidized PPP loan program.

## **SUMMARY OF ALLEGATIONS**

3.      Relator Pat Christopher is an equity co-owner of Christopher Construction, a family-owned business that builds fuel pumps, storage tanks, and other equipment for gas stations.  His percentage ownership is one-third.

4.      Defendants Dennis and Robert Christopher are Pat's brothers and are each one-third owners of Christopher Construction.

5.      The brothers' grandfather founded the business, and their father, Robert Christopher Sr., controlled and ran the business until his death in 2012.  Pat helped Robert Sr.

1

manage the business, and took over management after he died. Dennis and Robert did work for Christopher Construction, primarily supervising workers at job sites.

6.    In August 2018, Dennis and Robert sued Pat in New Jersey state court and obtained a temporary restraining order removing Pat from managing or having any role in the business. The brothers accused Pat of embezzling money from the company by having the company pay certain of his credit card bills.

7.    Unbeknownst to Pat, his brothers had brought their accusations to the Atlantic County Prosecutor's Office ("ACPO"), which started a criminal investigation. The ACPO executed a search warrant on the offices of Christopher Construction the same day as the brothers filed their lawsuit.

8.    In October 2018 (by complaint) and in July and August 2019 (by indictment), the ACPO charged Pat criminally with felony theft, money laundering, and tax offenses. These criminal charges remain pending. His brothers are well aware of the indictments, and Dennis has attended and observed status conferences for the criminal proceedings.

9.    Pat continues to hold his equity stake in the Company, which his brothers have repeatedly acknowledged during the ongoing civil proceedings.

10.    In March 2020, Defendants submitted a Small Business Administration ("SBA") application for a PPP loan on behalf of Christopher Construction to a bank whose identity is unknown to Relator. The bank loaned the company approximately $250,000.00 in SBA-guaranteed monies.

11.    Upon information and belief, Dennis and/or Robert executed Christopher Construction's PPP loan application as the company's authorized representative.

2

12.    In the loan application, Defendants falsely stated and certified that no owner of Christopher Construction with an equity interest of more than 20 percent was facing criminal charges. They also expressly acknowledged that this was a material question, and that submitting a materially false application would violate federal law.

13.    Defendants also falsely certified that the PPP loan was necessary. Between March 2020 and the filing of this Complaint, Dennis and Robert have increased their own salaries, as well as their sons' salaries. In June 2020, they asked the court presiding over the civil proceedings to authorize five-figure "performance" bonuses for themselves and one son, in a total amount suspiciously similar to the amount of the PPP loan.

14.    Defendants also appear to have falsely or artificially inflated Christopher Construction's reported payroll by adding a longtime electrical contractor to payroll in early March while continuing to pay his company in the normal course.

15.    Relator files this *qui tam* lawsuit to enable the Government to recover from Defendants the approximately $250,000.00 in SBA-guaranteed monies that was loaned to Christopher Construction as the result of its wrongdoing, as well as to recover treble damages and/or penalties.

## JURISDICTION, VENUE, AND SPECIAL REQUIREMENTS

16.    This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, under 31 U.S.C. § 3729 of the False Claims Act, and under 28 U.S.C. § 1345, which provides the United States District Courts with original jurisdiction over all civil actions commenced by the United States of America.

3

17.     In addition, the FCA specifically confers jurisdiction upon the United States District Courts under 31 U.S.C. § 3732. This Court has personal jurisdiction over the Defendant pursuant to 31 U.S.C. § 3732(a) because the Defendants transact business in this District, and because the PPP Loan application was prepared in, executed in, and/or submitted to the SBA from this District.

18.     Venue is proper in this District under 31 U.S.C. § 3732(a) because certain of the acts complained of herein occurred in New Jersey.

19.     In accordance with 31 U.S.C. § 3730(b)(2), this Complaint has filed been filed *in camera* and will remain under seal for a period of at least 60 days, and shall not be served on the Defendant until the Court so orders.

20.     Pursuant to 31 U.S.C. § 3730(b)(2), the Relator must provide the Government with a copy of the Complaint and a written disclosure of substantially all material evidence and material information in his possession contemporaneous with the filing of the Complaint. Relator has complied with this provision by serving copies of the Complaint and such disclosure upon the Honorable Craig Carpenito, United States Attorney for the District of New Jersey, and upon the Honorable William P. Barr, Attorney General of the United States.

21.     Relator is not aware that the allegations in this Complaint have been publicly disclosed. Further, to the extent Relator is aware of any public disclosures, this Complaint is not based on such public disclosures. In any event, this Court has jurisdiction under 31 U.S.C. § 3730(e)(4) because the Relator is an "original source" since he has voluntarily provided his information to Government before filing this Complaint, and has knowledge which is both direct and independent of, and materially adds to, any public disclosures to the extent they may exist.

4

**PARTIES**

22.    Plaintiff/Relator Pat L. Christopher is a part-owner (in excess of 20%) of Christopher Construction Company Inc. He resides at 25 Atlantic Avenue, Hammonton, NJ 08037.

23.    Defendant Christopher Construction Company Inc. is a privately-held company incorporated in the State of New Jersey in 1965. Its office is located at 25 Wells Avenue, Hammonton, NJ 08037. Christopher Construction builds and installs pumps, storage tanks, and related equipment and facilities for gasoline stations.

24.    Defendant Dennis Christopher is a part-owner of Christopher Construction and a brother of Pat L. Christopher. Dennis Christopher resides at 140 E. 15th Street in Hammonton, New Jersey.

25.    Defendant Robert C. Christopher, Jr. is a part-owner of Christopher Construction and a brother of Pat L. Christopher. Robert C. Christopher, Jr. resides at 731 Rosedale Road, in Hammonton, New Jersey.

**GOVERNING LAWS, REGULATIONS, AND CODES OF CONDUCT**
**The False Claims Act**

26.    Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act. The 1986 amendments enhanced the Government's ability to recover losses sustained as a result of fraud against the United States. Further clarifying amendments were adopted in May 2009 and March 2010.

27.    The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval"; or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or "knowingly makes, uses, or causes to be made or used, a false

5

record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(A), (B), (G). Any person found to have violated these provisions or conspired to have violated these provisions is liable for a civil penalty of at least $11,665 and up to $23,331 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government.

28.     The FCA defines the terms "knowing" and "knowingly" to mean that a person (1) "has actual knowledge of the information"; (2) "acts in deliberate ignorance of the truth or falsity of the information"; or acts "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A).  The statute provides that "no proof of specific intent to defraud" is required.  31 U.S.C. § 3729(b)(1)(B).

29.     The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

30.     The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in any recovery.  The complaint must be filed under seal without service on any Defendant.

6

The complaint remains under seal while the Government conducts an investigation of the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

31.     In this action, and under well-established precedent, the false or fraudulent nature of Defendants' conduct is informed or measured by their violation of, or failure to comply with, certain statutes and regulations material to the submission of bills and claims for reimbursement under government-funded student loan and grant programs.

## The CARES Act and Paycheck Protection Program Loans

32.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted in March 2020 to provide emergency financial assistance to individuals and businesses affected by the COVID-19 pandemic.

33.     The CARES Act authorized up to $349 billion in forgivable loans to small businesses for job retention and other expenses. This program was called the Paycheck Protection Program ("PPP"). The PPP is administered by the federal Small Business Administration ("SBA"). In April 2020, Congress authorized over $300 billion to additionally fund the PPP.

34.     To obtain a PPP loan, a qualifying business must submit a PPP loan application, which must be signed and certified by an authorized representative of the business.

35.     The loan application requires the business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain a PPP loan.

36.     The authorized representative must certify, among other things, the business's average monthly payroll expenses and number of employees. This information is used to

7

calculate the amount of money the business is eligible to be loaned. The applicant must also submit documentation showing payroll expenses, among other things.

37.     Question 5 of the PPP loan application requires the authorized representative to certify that no person having more than a 20% equity interest in the applicant is facing criminal charges. The application states that if this question is answered "Yes," the loan will not be approved.

38.     The application requires the applicant's representative to "certify in good faith . . . that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" and acknowledge that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

39.     The PPP loan application must be processed by a participating financial institution, which serves as the lender. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan. If a PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies, which are 100% guaranteed by the SBA.

40.     The PPP loan proceeds must be used by the business only for certain permissible expenses: payroll costs, interest on mortgages, rent and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expenses within a designated period (usually eight weeks from receiving the proceeds) and uses at least 75% of the proceeds for payroll expenses.

8

## SPECIFIC FRAUD ALLEGATIONS

### Dennis and Robert Christopher Force Pat Out of the Family Business and Falsely Accuse Him of Embezzlement

41.    Relator Pat Christopher is an equity co-owner of Christopher Construction. Pat's percentage ownership is one-third.

42.    Defendant Christopher Construction, headquartered in Hammonton, New Jersey, is in the business of building gasoline stations, specifically the fuel pumps, storage tanks, and related equipment.

43.    Defendants Dennis and Robert Christopher are Pat's brothers and also co-owners of Christopher Construction. Dennis and Robert each purportedly own one-third of Christopher Construction, but do not own more than two-thirds together.

44.    Prior to in or about August 2018, Pat managed Christopher Construction. Dennis and Robert did work for Christopher Construction, primarily supervising workers at job sites.

45.    On or about August 28, 2018, Dennis and Robert filed a civil lawsuit against Pat under seal in the Superior Court of New Jersey, Atlantic County, with an *ex parte* application for a temporary restraining order removing Pat from managing or having any role in the business. The lawsuit alleged that Pat had embezzled money from the company over several years.

46.    On the same day as Dennis and Robert filed the under-seal civil lawsuit, the Atlantic County Prosecutor's Office executed a search warrant on the offices of Christopher Construction.

47.    The TRO was granted, and Pat ceased having any managerial or operational role in Christopher Construction. The civil litigation remains ongoing as of the date Relator filed this Complaint. However, Pat's ownership interest in the company remains unchanged.

48.     On or about October 25, 2018, the Ocean County Prosecutor's Office filed a criminal Complaint/Summons against Pat alleging that he committed felony theft and money-laundering offenses by embezzling money from Christopher Construction.

49.     On or about October 30, 2018, the Ocean County Prosecutor's Office filed a criminal Complaint/Summons against Pat alleging that he committed felony tax offenses by failing to report the allegedly embezzled money on his personal income tax returns.

50.     On or about July 30, 2019, the Ocean County Prosecutor's Office obtained a grand jury Indictment against Pat alleging that he committed felony theft and money-laundering offenses by embezzling money from Christopher Construction.

51.     On or about August 28, 2019, the Ocean County Prosecutor's Office obtained a grand jury Indictment against Pat alleging that he committed felony tax offenses by failing to report the allegedly embezzled money on his personal income tax returns.

52.     These criminal charges remain pending as of the date Relator filed this Complaint.

53.     In or about March 2020, Defendants submitted an SBA application for a PPP loan on behalf of Christopher Construction to a financial institution, the identity of which is unknown to Relator.

54.     Among other things, Question 5 of the PPP loan application requires the applicant's authorized representative to certify that no person having more than a 20% equity interest in the applicant is facing criminal charges. The application states that if this question is answered "Yes," the loan will not be approved.

55.     The application requires the applicant's representative to "certify in good faith . . . that the information provided in this application and the information provided in all supporting

10

documents and forms is true and accurate in all material respects" and acknowledge that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

56.     Upon information and belief, Dennis and/or Robert executed Christopher Construction's PPP loan application as the company's authorized representative.

57.     Upon information and belief, Defendants falsely answered "No" to Question 5 in the loan application, and the authorized representative initialed Question 5 to confirm Defendants' response.

58.     Upon information and belief, Defendants falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" while acknowledging that "knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law" as a federal felony.

59.     Upon information and belief, Defendants and falsely certified, in bad faith, this statement and acknowledgement by having Dennis or Robert initial next to that certification and acknowledgement, and by having Dennis or Robert sign the application.

60.     In the loan application, Defendants also falsely certified that their PPP loan request was necessary. Defendants' own actions, including admissions made in the civil proceedings, prove that the $250,000 PPP loan was not necessary to Christopher Construction, but was instead used to line the pockets of Dennis, Robert, family members, and a favored vendor.

61.     Between the months of March 2020 and the present, the Company has actually increased the salaries of Dennis and Robert, and their sons, Michael Christopher and Dennis Christopher, Jr., by 5% annually.

11

62.     In addition, during the pendency of the civil litigation, Defendants have been
subject to a Consent Order that prevents them from paying distributions or bonuses to themselves
or their family members without court authorization.  As recently as June 10, 2020, Defendants
requested court approval of "performance" bonuses, seeking mid-year payments in the amounts
of $75,000 to Dennis Christopher Sr., $75,000 to Robert Christopher Jr., and $25,000 to Michael
Christopher.  These salary increases and requests for bonus payments are inconsistent with
Defendants' Certification of necessity.

63.     Further, Defendants' (purportedly) adding the favored vendor to payroll in early
March, while continuing to pay the vendor as an outside contractor, suggests that Defendants
falsely inflated the payroll amounts that Defendants certified on the loan application.

64.     In or about early March 2020, Defendants added Joseph Caruso to the Company
payroll.  Mr. Caruso's business, Just Rite Contractors LLC ("Just Rite"), has long served
Christopher Construction as an electrical contractor without ever being hired as a direct employee
or paid through payroll.  As of on or about March 13, 2020, Mr. Caruso now receives
approximately $1,361.00 per week from the Company as an "employee."

65.     At the same time, the Company continues to separately pay Just Rite as an outside
contractor, for example paying $13,095.00 on or about May 13, 2020.

12

## THE GOVERNMENT HAS BEEN DAMAGED AS A RESULT OF DEFENDANTS' CONDUCT

66.     Defendants' materially false statements have caused the federal government to be defrauded of taxpayer-guaranteed funds in the amount of at least $250,000.

## CLAIMS FOR RELIEF

## COUNT I

False Claims Act:
Presenting or Causing to be Presented False and Fraudulent Claims
31 U.S.C. § 3729(a)(1)(A)

67.     Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

68.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants have knowingly presented, and caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

## COUNT II

False Claims Act:
Making or Using False
Records or Statement to Cause Claims to be Paid
31 U.S.C. § 3729(a)(1)(B)

69.     Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

70.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants have knowingly made, used, or caused to be made or used, false records or statements – *i.e.*, the false representations made or caused to be made by Defendants – material to false or fraudulent claims in violation of 31 U.S.C. § 3729(a)(1)(B).

13

## COUNT II

False Claims Act: Conspiracy
31 U.S.C. § 3729(a)(1)(C)

71.     Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

72.     As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendants conspired with and among each other, and with others, to make or present false or fraudulent claims, and performed one or more overt acts to effect the submission and cause the payment of false or fraudulent claims.

## DEMANDS FOR RELIEF

**WHEREFORE**, Relator, on behalf of the United States Government, demands judgment against the Defendants, ordering that:

A.      That Defendants be ordered to cease and desist from submitting any more false claims, or further violating 31 U.S.C. § 3729, *et seq.*;

B.      That judgment be entered in Relator's favor and against Defendants in the amount of each and every false or fraudulent claim, multiplied as provided for in 31 U.S.C. § 3729(a), plus a civil penalty of not less than $11,665.00 or more than $23,331 per claim as provided by 31 U.S.C. § 3729(a) and 20 CFR Part 356 (*see* 85 FR 1832, Jan. 13, 2020), to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendants, together with penalties for specific claims to be identified at trial after full discovery;

C.      That Defendants be ordered to disgorge all sums by which they have been enriched unjustly by their wrongful conduct;

14

D.    That judgment be granted for Relator against Defendants for all costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Relator in the prosecution of this suit; and

E.    That Relator be granted such other and further relief as the Court deems just and proper.

**TRIAL BY JURY**

Relator hereby demands a trial by jury as to all issues.

DATE:   June 19, 2020

**SPIRO HARRISON**

Eric H. Jaso
Jason C. Spiro
830 Morris Turnpike
Second Floor
Short Hills, NJ 07078
(973) 232-0881
ejaso@spiroharrison.com
jspiro@spiroharrison.com

*Attorneys for Relator*